UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID PRIEST,

               Plaintiff,

    v.

BENTLEY, et al.,

               Defendants.

No.  2: 21-cv-0058 KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

2

1   In reviewing a complaint under this standard, the court must accept as true the allegations of the

2   complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

3   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468

4   U.S. 183 (1984).

5          Named as defendants are Dr. Bentley, Dr. Kuersten, Dr Sanchez and C. Cryer.  Plaintiff

6   has stated potentially colorable claims against defendants Bentley, Kuersten and Sanchez based

7   on the alleged denial of adequate medical care in violation of the Eighth Amendment.

8          Plaintiff's complaint contains no allegations against defendants Cryer.  The Civil Rights

9   Act under which this action was filed provides as follows:

10             Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the deprivation
11             of any rights, privileges, or immunities secured by the Constitution .
               . . shall be liable to the party injured in an action at law, suit in equity,
12             or other proper proceeding for redress.

13   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

14   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

15   Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

16   liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

17   affirmative link between the incidents of police misconduct and the adoption of any plan or policy

18   demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

19   to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

20   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

21   legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,

22   588 F.2d 740, 743 (9th Cir. 1978).

23          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

24   their employees under a theory of respondeat superior and, therefore, when a named defendant

25   holds a supervisorial position, the causal link between him and the claimed constitutional

26   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

27   (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

28   438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff's claims against defendant Cryer are dismissed with leave to amend because defendant Cryer is not linked to any alleged deprivation.

Plaintiff may proceed forthwith to serve defendants Bentley, Kuersten and Sanchez and pursue his claims against only those defendants, or he may delay serving any defendant and attempt to state a cognizable claim against defendant Cryer.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days in which to do so.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Bentley, Kuersten and Sanchez, against whom he has stated a potentially cognizable claim for relief, he shall return the attached notice within thirty days.  Following receipt of that notice, the court will order service of defendants Bentley, Kuersten and Sanchez.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the

4

1    victim of a conspiracy, he must identify the participants and allege their agreement to deprive him

2    of a specific federal constitutional right.

3        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

4    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

5    R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

6    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

7        The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

8    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

9    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

10   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

11   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

12   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

13   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must

14   not include any preambles, introductions, argument, speeches, explanations, stories, griping,

15   vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

16   Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

17   violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

18   (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

19   prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

20   pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

21   many defendants with unexplained, tenuous or implausible connection to the alleged

22   constitutional injury, or joining a series of unrelated claims against many defendants, very likely

23   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's

24   action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

25       A district court must construe a pro se pleading "liberally" to determine if it states a claim

26   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

27   opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

28   not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5

1  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

2  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

3  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556

4  U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

5  
> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility and
> plausibility of entitlement to relief.

10  Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

11  can provide the framework of a complaint, they must be supported by factual allegations, and are

12  not entitled to the assumption of truth.  Id. at 1950.

13        An amended complaint must be complete in itself without reference to any prior pleading.

14  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

15  ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

16  existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

17  pleading is superseded.

18        By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

19  has evidentiary support for his allegations, and for violation of this rule the court may impose

20  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

21        A prisoner may bring no § 1983 action until he has exhausted such administrative

22  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v.

23  Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental

24  policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir]

25  welfare. . . ."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC

26  form 602 that asks simply that the prisoner "describe the problem" and "action requested."

27  Therefore, this court ordinarily will review only claims against prison officials within the scope of

28  the problem reported in a CDC form 602 or an interview or claims that were or should have been

1    uncovered in the review promised by the department.

2            Accordingly, IT IS HEREBY ORDERED that:

3            1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

4            2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

5    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

6    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

7    Director of the California Department of Corrections and Rehabilitation filed concurrently

8    herewith.

9            3.  Claims against defendant Cryer are dismissed with leave to amend.  Within thirty days

10   of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims

11   against this defendant.  Plaintiff is not obliged to amend his complaint.

12           4.  The allegations in the pleading are sufficient to state a potentially cognizable claim

13   against defendants Bentley, Kuersten and Sanchez.  See 28 U.S.C. § 1915A.  If plaintiff opts to

14   proceed on his original complaint as to these defendants, he shall return the attached notice within

15   thirty days of service of this order.

16           5.  Failure to comply with this order will result in a recommendation that this action be

17   dismissed.

18   Dated:  February 22, 2021

19

20                                        _____
                                          KENDALL J. NEWMAN
21                                        UNITED STATES MAGISTRATE JUDGE

22   Priest58.14

23

24

25

26

27

28

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID PRIEST,

               Plaintiff,

    v.

BENTLEY, et al.,

               Defendants.

No.  2: 21-cv-0058 KJN P

<u>NOTICE</u>

_____ Plaintiff opts to proceed with the original complaint as to defendants Bentley, Kuersten and Sanchez.
Plaintiff consents to the dismissal of defendant Cryer without prejudice.

OR

_____ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

                                 _____
                                 Plaintiff