1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID PRIEST,                            No.  2: 21-cv-0058 TLN KJN P

12                 Plaintiff,

13        v.                                  ORDER

14   BENTLEY, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motion to compel and motion for an

19   extension of time to conduct discovery.  (ECF Nos. 31, 32.)

20   Motion to Compel (ECF No. 31)

21        *Plaintiff's Claims*

22        To put the motion to compel in context, the undersigned herein sets forth plaintiff's

23   claims.

24        This action proceeds on plaintiff's original complaint against defendants Dr. Bentley, Dr.

25   Kuersten and Dr. Sanchez.  Plaintiff alleges that on July 18, 2018, at 1000 hours, he injured his

26   back during his work assignment.  Plaintiff alleges that he fell while loading mattresses on to a

27   trailer and hurt his back.  Plaintiff alleges that the Quad Officer refused to file an injury/incident

28   report or refer plaintiff to the medical department.

1

1    On July 18, 2018, at 1300 hours, plaintiff assisted the Facility Store Manager with loading

2    and bagging inmate canteen items.  During that time, plaintiff experienced progressively

3    increasing back pain.

4    On July 18, 2018, at 2100 hours, plaintiff fell into an open ditch while walking back to his

5    housing unit.  That fall compounded the earlier injury to his back, neck and hip.  Correctional

6    Officer Santo helped plaintiff up and escorted plaintiff to his housing unit.

7    On July 19, 2018, plaintiff woke at 800 hours and was unable to move his legs.  Plaintiff

8    could not report to his job assignment.  At approximately 1600 hours, 3rd Watch Building staff

9    called a medical emergency on plaintiff's behalf.  Plaintiff was taken to CTC where no physical

10   examination was performed.  Defendant Sanchez denied plaintiff's request for pain medication.

11   Plaintiff was given a ketorolac injection and returned to his housing unit.

12   On July 21, 2018, defendant Bentley saw plaintiff.  Defendant Bentley prescribed

13   Naproxen for pain and to relax plaintiff's back muscles.  Defendant Bentley ordered an x-ray of

14   plaintiff's lower back.  Plaintiff told defendant Bentley that his injuries occurred after he fell off a

15   trailer while loading mattresses.  Defendant Bentley refused to record the cause of plaintiff's

16   injuries in plaintiff's medical file.  Defendant Bentley told plaintiff that he could only list an

17   injury that was the result of assault or being hit by a vehicle.  Defendant Bentley told plaintiff that

18   he was suffering from getting old.

19   On August 3, 2018, defendant Bentley issued an erroneous finding of "no significant

20   interval or change or acute osseous abnormality" in his report regarding plaintiff's x-ray.  Plaintiff

21   alleges that he suffered nerve, tissue and muscle damage in his upper back, an infection in his

22   spine, with compound fractures in his T-4, T-5, and T-9.  Plaintiff alleges that defendant Bentley

23   overlooked these injuries in his report.

24   On September 19, 2018, defendants Bentley and Kuersten denied plaintiff's request for an

25   MRI.  Defendants Bentley and Kuersten denied that plaintiff's injuries and pain were caused by

26   falling off the trailer.  During the September 19, 2018 appointment, defendant Bentley refused to

27   document in plaintiff's medical file that plaintiff was unable to stand on his own for longer than a

28   few minutes and that plaintiff needed a wheelchair to travel distances of ten feet or more.

1   Plaintiff arrived at the appointment in a wheelchair that was loaned to him.

2        Defendants Sanchez, Kuersten and Bentley denied plaintiff's request for a wheelchair.

3   Defendant Bentley ordered a Referral for Services and consultation with a specialist.

4        On October 11, 2018, plaintiff saw Dr. Williams via teleconference.  Dr. Williams had a

5   registered nurse perform a physical examination of plaintiff.  Plaintiff told Dr. Williams about

6   falling off the trailer and the denial of his request for an MRI.  Dr. Williams told plaintiff that he

7   would submit a recommendation to defendant Bentley for plaintiff to have an MRI ASAP.  Once

8   the MRI was performed, Dr. Williams would request that defendant Bentley schedule another

9   appointment for plaintiff with Dr. Williams.

10        On October 28, 2018, plaintiff saw defendant Bentley.  At that time, defendant Bentley

11  had not ordered the MRI.  Defendant Bentley told plaintiff that he (defendant Bentley) and

12  defendant Kuersten needed to confer before the MRI order could be approved.

13        Plaintiff did not receive the MRI for another 45 days.  During that time, plaintiff suffered

14  increasing pain.

15        On November 6, 2018, due to defendants refusal to issue plaintiff a wheelchair, plaintiff

16  lost his balance and fell while walking from the dining hall.  That fall made plaintiff's injuries

17  worse.

18        On November 7, 2018, plaintiff lost his balance and fell several times.  Defendants still

19  refused to issue a wheelchair chrono for plaintiff.  Plaintiff received an injection for pain relief.

20        Plaintiff had the MRI on November 23, 2018.

21        On November 27, 2018, plaintiff had another medical emergency and was taken by

22  ambulance to CTC.  Plaintiff appears to claim that a doctor who pulled up his medical file and

23  MRI record told him that he needed an operation because plaintiff's back was "toast."

24        On December 4, 2018, plaintiff was transferred to the Substance Abuse Treatment Facility

25  ("SATF") in a standard van.  After plaintiff arrived at SATF, the transportation officers notified

26  SATF medical staff of plaintiff's medical complaints of pain during transport.  Plaintiff also

27  complained that he should not have been transferred.

28  ////

1    On December 12, 2018, plaintiff had a spinal operation.  Plaintiff was housed in the SATF

2    CTC for recovery.

3    Plaintiff alleges that defendants Bentley, Kuersten and Sanchez violated his Eighth

4    Amendment right to adequate medical care.

5    *Legal Standard for Motion to Compel*

6    The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.

7    Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or

8    defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within

9    this scope of discovery need not be admissible in evidence to be discoverable."  Id.  The court,

10   however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained

11   from some other source that is more convenient, less burdensome, or less expensive;" or if the

12   party who seeks discovery "has had ample opportunity to obtain the information by discovery;"

13   or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P.

14   26(b)(2)(C).

15   "The party seeking to compel discovery has the burden of establishing that its request

16   satisfies the relevancy requirements of Rule 26(b)(1)."  Bryant v. Ochoa, 2009 WL 1390794, at

17   *1 (S.D. Cal. May 14, 2009) (citations omitted).  "Thereafter, the party opposing discovery has

18   the burden of showing that the discovery should be prohibited, and the burden of clarifying,

19   explaining or supporting its objections."  Id.  The opposing party "has the burden to show that

20   discovery should not be allowed…"  DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal.

21   2002).

22   *Interrogatories*

23   Plaintiff challenges defendant Kuersten's responses to interrogatory nos. 2, 3 and 4.

24   Interrogatory no. 2 asked,

25   
26   
27   
28   
> Did you ever consult with the Late Dr. Bentley on the plaintiff, David Priest's Medical condition, that is the subject of the present litigation?  a) If your answer to interrogatory no. 2 is anything other than No.  Then please list the dates of the consult, means of communication used and whether there is documentation memorializing these consults.

4

1   (ECF No. 31 at 5.)

2          Defendant Kuersten responded to interrogatory no. 2 as follows:

3                  Defendant objects to this request on the ground that it is vague and
                   ambiguous as to the term "consult with," "medical condition," "that
4                  is subject of the present litigation," "the consult," "means of
                   communication" and "documentation memorializing these consults,"
5                  such that defendant cannot respond to the request without speculating
                   about its meaning.  Defendant objects to this request on the ground
6                  that it is unintelligible as drafted.  Defendant objects to this request
                   on the grounds that it is overly broad as to the period of time from
7                  which the information is sought.  Defendant objects to this request
                   on the grounds that it is compound and assert multiple queries within
8                  a single request.  Defendant further objects to this request on the
                   ground that it impermissibly seeks the production of documents.
9
                   Based on the foregoing objections, defendant cannot answer this
10                 request and will not produce documents in response to this request.

11  (Id. at 5-6.)

12         In the motion to compel, plaintiff argues that defendant provided "non-responsive

13  objections" to interrogatory no. 2. (ECF No. 31 at 1.)  Plaintiff also alleges that after receiving

14  defendant's responses to his discovery requests, he sent defense counsel a "meet and confer

15  letter." (Id. at 1-2.)  Plaintiff alleges that defense counsel failed to respond to the meet and confer

16  letter. (Id. at 2.)

17         In the opposition, defendants argue that plaintiff's motion to compel should be denied

18  because plaintiff failed to demonstrate why the objections to interrogatory no. 2 were deficient.

19  (ECF No. 35 at 2.)  Defendants also address their failure to respond to plaintiff's meet and confer

20  letter.  Defendants state that after receiving plaintiff's meet and confer letter, the court issued a

21  Discovery and Scheduling Order.  (Id. at 2, n.1.)  Defendants state that based on this order, they

22  believed that plaintiff would serve new discovery requests, taking into account defendant's

23  objections.  (Id.)  Defendants state that they did not intend to neglect the discovery process and

24  will work with plaintiff on further discovery.  (Id.)  Defendants also contend that their objections

25  to interrogatory no. 2 are well-founded.  (Id. at 3.)

26         The undersigned agrees that plaintiff's motion to compel fails to demonstrate why

27  defendant's objection are deficient.  However, plaintiff may have avoided filing a motion to

28  compel had defendants responded to his meet and confer letter.  Based on the oversights

1   committed by both parties regarding the at-issue discovery dispute, the undersigned will consider

2   the merits of plaintiff's motion to compel.

3       Interrogatory no. 2 clearly seeks information regarding communications between

4   defendant Kuersten and Dr. Bentley regarding the injuries plaintiff allegedly suffered as a result

5   of falling off the trailer on July 18, 2018.  Therefore, interrogatory no. 2 is not unintelligible,

6   overbroad, vague or ambiguous.  See Advanced Visual Image Design, LLC v. Exist, Inc., 2015

7   WL 4934178, at *6 (C.D. Cal. Aug. 18, 2015) (noting parties responding to discovery should use

8   common sense and attribute ordinary definitions to terms in discovery requests); see also King-

9   Hardy v. Bloodfield Bd. of Educ., 2002 WL 32506294, at *5 (D. Conn. Dec. 8, 2002) (finding the

10  responding party must give discovery requests a reasonable construction, rather than strain to find

11  ambiguity).  Interrogatory no. 2 also does not seek documents.  While interrogatory no. 2 contains

12  multiple inquiries, the compound nature of the interrogatory does not absolve defendant from

13  answering it.  Silva v. McKenna, 2012 WL 1596971, at *3 (W.D. Wash. May 7, 2021).

14  Accordingly, defendants' objections to interrogatory no. 2 are overruled.

15      Defendant Kuersten shall serve plaintiff with a further response to interrogatory no. 2

16  within thirty days of the date of this order.

17      Interrogatory no. 3 asked, "Please provide copies of All Center for D[is]ease Control

18  (CDC) Guidelines for paint [sic] management, issue for/to CDCR."  (ECF No. 31 at 6.)

19  Defendant Kuersten objected to interrogatory no. 3 on several grounds, including that it

20  impermissibly sought the production of documents.  (Id.)

21      Plaintiff's motion to compel a further response to interrogatory no. 3 is denied because it

22  improperly contains a request for production of documents.

23      Interrogatory no. 4 asked, "What is CDCR's Criteria/Procedure for transferring disabled

24  inmates between prisons?  Please produce a copy of written document in 4 above."  (ECF No. 31

25  at 6.)

26      Defendant Kuersten responded to interrogatory no. 4 as follows:

27          Defendant objects to this request on the ground that it is vague and
            ambiguous as to the term "CDCR's criteria/procedure" and "for
28          transferring disabled inmates between prisons," such that defendant

cannot responded to this request without speculating about its meaning. Defendant objects to this request on the ground that it is unintelligible as drafted. Defendant objects to this request on the grounds that it is overly broad as to the period of time from which information is sought. Defendant objects to this request on the ground that it impermissibly seeks the production of documents.

Based on defendant's understanding of the request as drafted, transfers between CDCR institutions, including the arrangement for and conduct of transportation to another institution, are initiated, managed, and effected by CDCR custodial staff, subject to custodial guidelines. Defendant is not aware of the specific requirement and processes in those custodial policies and guidelines. Based on the foregoing objections, defendant will not produce documents in response to this request.

(Id. at 6-7.)

Plaintiff's motion to compel the documents requested in interrogatory no. 4 is denied because the Federal Rules of Civil Procedure do not permit a discovery request containing both a request for production of documents and an interrogatory. Holley v. Swarthout, 2013 WL 1284316, at *3 (E.D. Cal. March 28, 2013) (the Federal Rules do not authorize this type of hybrid request).

Defendant's objection that interrogatory no. 4 is vague and ambiguous as to certain terms is overruled. Defendant's objection that interrogatory no. 4 is unintelligible is overruled. Defendant's objection that interrogatory no. 4 is overbroad in that it fails to identify the time period for which the information sought has merit. However, interrogatory no. 4 clearly refers to the policy in place at the time plaintiff was transferred to SATF, as alleged in the complaint. See Advanced Visual Image Design, LLC v. Exist, Inc., supra; King-Hardy v. Bloodfield Bd. of Educ., supra.

Defendant Kuersten also states that he cannot respond to interrogatory no. 4 because the interrogatory concerns custodial policies and guidelines of which he is not aware. Assuming defendant Kuersten made a reasonable inquiry before answering interrogatory no. 4, the undersigned cannot order a further response.

However, within thirty days of the date of this order, defendant Kuersten shall serve plaintiff with a supplemental response to interrogatory no. 4 clarifying that he lacks personal knowledge of the at-issue policies and guidelines after a thorough and reasonable inquiry. Straub

7

1   v. City of Maui, 2018 WL 6628940, at *4 (D. Haw. October 18, 2018) (a party has an obligation

2   to conduct a reasonable inquiry into the factual basis of its responses before answering an

3   interrogatory).

4          *Request for Production of Documents*

5          Plaintiff objects to defendants' response to request for production of documents no. 1, set

6   one, which requested, "All emails sent or received by all defendants in which Plaintiff David

7   Priest is mentioned."  (ECF No. 31 at 11.)

8          Defendants responded as follows:

9                  Defendants object to this request on the ground that it is vague and
                   ambiguous as to the term "all emails," "by all defendants," and "is
10                 mentioned," such that defendants cannot respond to the request
                   without speculating about its meaning.  Defendants object to this
11                 request on the ground that it is unintelligible as drafted.  Defendants
                   object to this request on the grounds that it is overly broad as to the
12                 period of time from which information is sought.  Defendants object
                   to this request on the ground that the information sought is not
13                 relevant, and not proportional to the needs of the case and the burden
                   of the proposed discovery outweighs it likely benefit.  Defendants
14                 object to the extent that this request seeks documents that could be
                   protected by the official information privilege.
15
                   Based on the foregoing objections, defendants are not able to produce
16                 documents in response to this request.

17   (Id.)

18          The undersigned finds that request for production of documents no. 1 is overbroad in that

19   it is not limited to emails sent or received by defendants concerning the claims raised in this

20   action.  On this ground, the motion to compel as to request for production of documents no. 1 is

21   denied.[1]  The undersigned need not address defendants other objections.

22          *Sanctions*

23          In the motion to compel, plaintiff requests sanctions of $5,000.  The undersigned finds

24   that sanctions are not warranted.  Accordingly, plaintiff's request for sanctions is denied.

25   ////

26   ////

27   _____

28   [1]  Unlike interrogatories 2 and 4, request for production no. 1 cannot be interpreted to contain a
     reasonable request for production of documents.

                                                    8

1    Plaintiff's Motion for Extension of Time to Conduct Discovery

2              Courts have "broad discretion" to modify discovery deadlines upon a showing of good

3    cause.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992); Fed. R. Civ. P.

4    16(b)(4).  The good cause standard "primarily considers the diligence of the party seeking the

5    amendment."  Mammoth Recreations, 975 F.2d at 609.

6              The discovery deadline is January 28, 2022.  (ECF No. 28 at 5.)  All requests for

7    discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 shall be served not later

8    than sixty days prior to that date, i.e., on or before November 29, 2021.  (Id.)

9              In the motion to extend the discovery deadline, filed October 21, 2021, plaintiff argues

10   that the resolution of his motion to compel after the discovery deadline will leave no time to

11   conduct further discovery.  (ECF No. 32.)  Plaintiff contends that defendants asserted

12   unreasonable objections to his pending discovery requests.  (Id.)  Plaintiff requests that the

13   discovery deadline be extended to January 28, 2023.  (Id.)

14             In the response to plaintiff's motion to extend the discovery deadline, filed November 29,

15   2021, defendants contend that extending the discovery deadline by one year is not warranted.[2]

16   (ECF No. 36.)  Defendants state that, in the spirit of cooperation, they are not opposed to a 60-

17   days extension of the deadline, taking into account the time plaintiff pursued the pending motion

18   to compel.  (Id.)

19             The undersigned does not find good cause to extend the discovery deadline to January

20   2023.  Instead, the parties are granted until January 11, 2022, to serve further discovery requests.

21   Responses to further discovery requests shall be served no later than February 11, 2022.  Motions

22   to compel regarding the further discovery requests shall be filed no later than March 11, 2022.

23             Accordingly, IT IS HEREBY ORDERED that:

24             1.  Plaintiff's motion to compel (ECF No. 31) is granted in part and denied in part, as

25   discussed above; within thirty days of the date of this order, defendant Kuersten shall provide

26   plaintiff with further responses to interrogatories nos. 2 and 4, as discussed above;

27

28   [2]  Defendants' opposition to plaintiff's motion to extend the discovery deadline is not timely.
     Nevertheless, the undersigned considers defendants' arguments raised in this pleading.

9

ro

2.  Plaintiff's motion to extend the discovery deadline (ECF No. 32) is granted as follows: the parties may serve further discovery requests until January 11, 2022; responses to further discovery requests shall be served no later than February 11, 2022; motions to compel regarding the further discovery requests shall be filed no later than March 11, 2022;

3.  The dispositive motion deadline is extended to June 13, 2022.

Dated:  December 7, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pr58.com(2)

ote
10