UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PRIEST,<br><br>        Plaintiff,<br><br>   v.<br><br>BENTLEY, et al.,<br><br>        Defendants. | No. 2: 21-cv-0058 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for sanctions and second motion for an extension of time to conduct discovery. (ECF Nos. 39, 40.) For the reasons stated herein, plaintiff's motions are denied.

Plaintiff's Motion for Sanctions

On December 7, 2021, the undersigned granted in part and denied in part plaintiff's motion to compel. (ECF No. 37.) In relevant part, the undersigned ordered defendant Kuersten to provide plaintiff with further responses to interrogatories nos. 2 and 4 within thirty days of the date of the order. (Id.)

///
///
///

1

In the pending motion, plaintiff appears to argue that defendants failed to comply with the December 7, 2021 order requiring them to provide further responses to interrogatories nos. 2 and 4. (ECF No. 40.) Plaintiff also appears to argue that defendants failed to comply with the order directing defendants to provide plaintiff with documents in response to these interrogatories. (Id.)

The undersigned did not order defendants to provide plaintiff with documents in response to interrogatories nos. 2 and 4. On February 3, 2022, defendants filed an opposition to the pending motion demonstrating that they provided plaintiff with further responses to interrogatories nos. 2 and 4.[1] (ECF No. 41.) Because defendants complied with the December 7, 2021 order, plaintiff's motion for sanctions is denied.

In the December 7, 2021 order, the undersigned also granted plaintiff's request to extend the discovery deadline. (ECF No. 37.) The undersigned ordered that the parties may serve further discovery requests until January 11, 2022. (Id.) In the pending motion for sanctions, plaintiff alleges that on December 19, 2021, he served defendants with a second set of interrogatories and a request for production of documents. (Id.) Plaintiff argues that defendants failed to respond to these requests. (Id.)

Plaintiff signed his motion for sanctions on January 9, 2022. (Id.) Therefore, the time for defendants to respond to the discovery requests served on December 19, 2021, had not yet run when plaintiff filed the motion for sanctions. Accordingly, plaintiff's request for sanctions based on defendants' failure to respond to the discovery requests served on December 19, 2021, is denied as premature.

Plaintiff's Second Motion for Extension of Time to Conduct Discovery

Plaintiff requests that the discovery deadline be extended for eight months. (ECF No. 39.) For the reasons stated herein, plaintiff's motion is denied.

Courts have "broad discretion" to modify discovery deadlines upon a showing of good cause. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the

---

[1] Defendant Kuersten's further responses to interrogatories nos. 2 and 4 appear adequate to the undersigned. (ECF No. 41-2 at 3-4.)

2

amendment." Mammoth Recreations, 975 F.2d at 609.

The original discovery deadline was January 28, 2022.  (ECF No. 28 at 5.)  All requests for discovery pursuant to Federal Rule of Civil Procedure 31, 33, 34 and 36 were to be served not later than sixty days prior to that date, i.e., on or before November 29, 2021.  (Id.)

In his first motion to extend the discovery deadline, plaintiff requested that the discovery deadline be extended for one year, i.e., until January 28, 2023.  (ECF No. 32.)  In the December 7, 2021 order, the undersigned did not find good cause to extend the discovery deadline for one year.  (ECF No. 37.)  Instead, the undersigned granted the parties until January 11, 2022, to serve further discovery requests.  (Id.)  Responses to further discovery requests were due no later than February 11, 2022.  (Id.)  Motion to compel regarding further discovery requests were to be filed no later than March 11, 2022.  (Id.)

In the pending second request to extend the discovery deadline, plaintiff requests that the discovery deadline be extended eight months.  (ECF No. 39.)  The grounds of this request are defendants' burdensome and meritless discovery requests served on plaintiff.  (Id.)  Plaintiff also alleges that he is awaiting responses to his discovery requests served on defendants on December 19, 2021.  (Id.)  Plaintiff alleges that he requires additional time to serve follow-up discovery requests.  (Id.)

The undersigned finds that plaintiff has not shown good cause to extend the discovery deadline a second time.  Plaintiff served defendants with a second round of discovery requests following the December 7, 2021 order extending the discovery deadline, i.e., the discovery requests served December 19, 2021.  Plaintiff's speculation that he may have to serve follow-up discovery requests, i.e., a third round of discovery requests, is not good cause to extend the discovery deadline again.  The undersigned also finds that defendants' further discovery requests served on plaintiff are not good cause to grant plaintiff additional time to serve additional discovery requests.

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (ECF No. 40) is denied;
2. Plaintiff's second motion for an extension of time to conduct discovery (ECF No. 39) is denied.

Dated: March 1, 2022

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Priest58.ord