1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID PRIEST,                              No.  2: 21-cv-0058 TLN KJN P

12                 Plaintiff,

13        v.                                    ORDER

14   BENTLEY, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to reopen discovery.  (ECF

19   No. 46.)  Also pending is plaintiff's motion for appointment of counsel.  (ECF No. 47.)  For the

20   reasons stated herein, plaintiff's motions are denied.

21   Motion to Reopen Discovery

22        *Legal Standard*

23        In considering whether to grant a motion to amend the scheduling order and re-open

24   discovery, the court is to consider:

25              1) whether trial is imminent, 2) whether the request is opposed, 3)
              whether the non-moving party would be prejudiced, 4) whether the
26              moving party was diligent in obtaining discovery within the
              guidelines established by the court, 5) the foreseeability of the need
27              for additional discovery in light of the time allowed for discovery by
              the district court, and 6) the likelihood that the discovery will lead to
28              relevant evidence.

                                            1

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997)).  It is "significant" when a party is seeking to re-open discovery rather than extend the discovery deadline.  W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990).  "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline."  Id.

*Background Regarding Previous Discovery Deadlines/Requests to Extend Discovery Deadline*

On September 24, 2021, the undersigned issued a Discovery and Scheduling Order setting the discovery deadline for January 28, 2022.  (ECF No. 28 at 5.)  All discovery requests pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 were to be served not later than sixty days prior to January 28, 2022, i.e. November 29, 2021.  (Id.)

On October 21, 2021, plaintiff filed a motion to compel further responses to interrogatories and a request for production of documents.  (ECF No. 31.)  On December 7, 2021, the undersigned granted in part and denied in part plaintiff's motion to compel.  (ECF No. 37.)  The undersigned ordered defendant Kuersten to provide plaintiff with further responses to interrogatories nos. 2 and 4; and the undersigned denied plaintiff's motion to compel in all other respects.  (Id.)

On October 21, 2021, plaintiff filed a motion for an extension of time to conduct discovery.  (ECF No. 32.)  Plaintiff requested that the discovery deadline be extended to January 28, 2023.  (Id.)  On December 7, 2021, the undersigned granted plaintiff's motion to extend the discovery deadline, in part.  (ECF No. 37.)  The undersigned ordered that the parties may serve discovery requests until January 11, 2022.  (Id.)  Motions to compel regarding further discovery requests were due no later than March 11, 2022.  (Id.)

On January 13, 2022, plaintiff filed a second motion for extension of time to conduct discovery.  (ECF No. 39.)  Plaintiff requested that the discovery deadline be extended by eight months.  (Id.)  On March 1, 2022, the undersigned denied plaintiff's second motion to extend the

1   discovery deadline.  (ECF No. 45.)  The undersigned found that plaintiff failed to demonstrate

2   good cause to extend the discovery deadline.  (Id.)

3          Pursuant to the mailbox rule, plaintiff filed the pending motion to reopen discovery on

4   March 15, 2022.  (ECF No. 46 at 3.)

5          *Motion to Reopen Discovery Regarding Identity of Nurse*

6          In the pending motion, plaintiff requests that discovery be reopened to allow plaintiff to

7   identify the nurse responsible for referring plaintiff's ADA medical condition requiring special

8   transport restrictions to transportation/custody staff.  (Id. at 1.)  Plaintiff generally argues that "the

9   fact that defendants have supplied invalid and improper responses to interrogatories and request

10  for production of documents establishes, without question, that good cause for reopening of

11  discovery is warranted."  (Id. at 2.)  Plaintiff alleges that defendants are currently refusing to

12  identify the nurse who was responsible for creating and forwarding ADA restrictions associated

13  with plaintiff's transfer.  (Id.)

14         In the opposition, defendants contend that prior to the pending motion, plaintiff never

15  requested the identification of a nurse responsible for referring plaintiff's ADA condition to

16  custody staff.  (ECF No. 49 at 1.)  Defendants argue that plaintiff provides no justification for this

17  request, aside from plaintiff's argument that defendants provided invalid responses to previous

18  discovery requests.  (Id.)  Defendants argue that it is unclear why information concerning an

19  unknown medical staff member is salient to plaintiff's case.  (Id.)

20         Plaintiff's suggestion that defendants' responses to his previous discovery requests

21  somehow thwarted his ability to discover the identity of the at-issue nurse is not well supported.

22  The record contains no evidence that plaintiff previously sought to discover the identity of the at-

23  issue nurse.  Accordingly, the undersigned finds that plaintiff did not act diligently regarding this

24  proposed discovery.

25         Taking into consideration the other factors set forth above, the undersigned observes that

26  the jury trial is not scheduled in this action.  However, defendants oppose the pending request and

27  plaintiff has not explained the relevancy of the proposed discovery regarding the nurse.

28  Accordingly, based on plaintiff's lack of diligence, defendants' opposition to the pending motion

3

and plaintiff's failure to explain the relevancy of the proposed discovery, plaintiff's motion to

reopen discovery regarding the at-issue nurse is denied.

*Motion to Reopen Discovery Regarding Emails*

Plaintiff requests that discovery be reopened in order for plaintiff to seek further

information regarding defendants' response to request for production of documents set two,

request no. 1.  (ECF No. 46 at 1, 7-8.)  Attached to plaintiff's motion is a letter addressed to

plaintiff from defense counsel dated March 1, 2022.  (Id. at 7-8.)  In relevant part, this letter

addresses plaintiff's February 14, 2022 correspondence regarding defendant Kuersten's response

to request for production of documents, set two, request no. 1.  (Id.)  This letter states, in relevant

part:

> Regarding Plaintiff's Request for Production, Set Two, Request No. 1, you sought "any emails sent or received by Defendants M. Kuersten, D. Sanchez and Bentley, that mention Plaintiff, David Priest, alleging injury [to] his back and hip, the related pain, inability of Plaintiff to walk, that is the subject of the present lawsuit, starting in 2018 continuing to the end of 2021."

> This discovery was served on Defendant Kuersten, who asserted valid objections, including that it seeks to include materials protected by the attorney-client and attorney work-product privileges.  This is an entirely proper objection because, as worded, your request for documents could include a period after your lawsuit was filed in 2021 during which Defendant Kuersten (and Defendant Sanchez) were represented by and communicated with defense counsel regarding your medical conditions that are the subject of this lawsuit, and neither Defendant will produce such privileged documents. Defendants understand that you may not have intended to request their privileged attorney communications, and do not suggest that you were intentionally seeking protected materials that post-date the filing of your lawsuit.

> Nevertheless, Defendants Kuersten and Sanchez could not locate any non-privileged responsive materials concerning your Request No. 1, and Defendant Kuersten responded that "[a]fter conducting a diligent search, Defendants Kuersten and Sanchez did not locate any responsive documents.  Discovery is ongoing and Defendants reserve the right to supplement this response, if necessary."  Moreover, to the extent that the request sought materials in the possession of the deceased Dr. Bentley, he has been dismissed from the case and this request for production cannot be used to obtain records from a non-party.  Despite your assumption that Defendants Kuersten and Sanchez communicated by electronic mail among themselves, or with Dr. Bentley or other medical professionals, regarding your medical condition, Defendants are not presently aware of any non-privileged emails responsive to the request and can provide no

4

1   further response.

2   (Id. at 7-8.)

3        In essence, plaintiff requests that discovery be reopened so that he may conduct discovery

4   regarding the veracity of defendants' claim that they could find no emails responsive to request

5   for production of documents, set two, no. 1.  Plaintiff alleges "the claim that there are no emails

6   relating to plaintiff is absolutely impossible.  All transfer and filing of any medical document

7   within a prison and hospital are accompanied by an email, for explanation and context." (Id. at

8   3.)  Plaintiff requests that he be allowed to serve discovery on the California Department of

9   Corrections and Rehabilitation ("CDCR") Custodian of email server in order to determine

10  whether the requested emails exist via a Boolean Search.  (Id. at 1.)  Plaintiff also contends that

11  defendants failed to file a statement by the person who actually conducted the search for the

12  emails, explaining how the search was conducted.  (Id.)

13       In the opposition, defendants contend that plaintiff's assumption that electronic email is

14  used to distribute medical information concerning him is not sufficient reason to reopen

15  discovery.  (ECF No. 49 at 3.)  Defendants contend that in their correspondence, they informed

16  plaintiff that their response to his discovery request was ongoing, and defendants reserve the right

17  to supplement the request, if necessary.  (Id.)

18       Plaintiff requests that discovery be reopened so that he may serve a non-party, i.e., the

19  CDCR Custodian of email servers, with a request for records.  However, plaintiff has not

20  sufficiently demonstrated that the proposed discovery will lead to admissible evidence, i.e., the at-

21  issue emails.  Federal Rule of Civil Procedure 26(g)(1) requires parties responding to discovery

22  requests to certify that the response is accurate and complete to the best of the party's knowledge

23  after a reasonable inquiry.  In responding to plaintiff's request for emails, defendants made the

24  certification required by Rule 26(g)(1).  Defendants also represented that they would supplement

25  their response to the at-issue request if relevant emails were later discovered.  Plaintiff's

26  speculation that the at-issue emails must exist is not sufficient to demonstrate the existence of the

27  emails.

28  ////

5

1    Taking into consideration the other factors set forth above, the undersigned observes that

2    the jury trial is not scheduled in this action.  The undersigned also finds that plaintiff acted

3    diligently because the proposed discovery concerns defendants' relatively recent response to his

4    request for production of documents.  However, the undersigned finds that defendants' opposition

5    to the pending request and plaintiff's failure to adequately demonstrate that the proposed

6    discovery will lead to admissible evidence outweighs the other factors weighing in plaintiff's

7    favor.  Accordingly, plaintiff's motion to reopen discovery regarding the emails is denied.

8                    *Request for Rules/Criteria/Procedures*

9    Finally, in the pending motion, plaintiff alleges that defendants failed to deliver the

10   Rules/Criteria/Procedures relating to the transfer of ADA inmates requested in set 2, no. 4.  (ECF

11   No.46 at 1.)  Plaintiff argues that defendants refuse to turn over the rules relating to transferring

12   inmates with ADA restrictions, relating to inmates using a walker.  (Id. at 2.)

13   In the opposition, defendants contend that plaintiff has not requested materials concerning

14   transferring inmates with a walking disability, and he has never communicated a request

15   specifically seeking documents relating to the transfer of inmates using a walker.  (ECF No. 49 at

16   2-3.)

17   The undersigned will not reopen discovery for plaintiff to compel documents not

18   previously requested.  To the extent plaintiff requests that discovery be reopened so that he may

19   request these documents from defendants, plaintiff does not address why he failed to previously

20   request these documents from defendants.  Accordingly, the undersigned finds that plaintiff did

21   not act diligently regarding this proposed discovery.  For these reasons, plaintiff's motion to

22   reopen discovery regarding these documents is denied.

23   Motion for Appointment of Counsel

24   Plaintiff requests that the court appoint counsel.  District courts lack authority to require

25   counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist.

26   Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

27   to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

28   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

6

1   When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

2   likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

3   se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

4   (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

5   burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

6   common to most prisoners, such as lack of legal education and limited law library access, do not

7   establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

8          Having considered the factors under Palmer, the court finds that plaintiff failed to meet his

9   burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

10  time.

11         Accordingly, IT IS HEREBY ORDERED that:

12  1.  Plaintiff's motion to reopen discovery (ECF No. 46) is denied;

13  2.  Plaintiff's motion for appointment of counsel (ECF No. 47) is denied.

14  Dated:  May 11, 2022

15

16                                    KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE
17

18  Pr58.dis

19

20

21

22

23

24

25

26

27

28

7