UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PRIEST,<br><br>        Plaintiff,<br><br>    v.<br><br>BENTLEY, et al.,<br><br>        Defendants. | No.  2: 21-cv-0058 TLN KJN P<br><br><br>ORDER |

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for reconsideration, for appointment of counsel and for an extension of time.  (ECF No. 94.)

<u>Motion for Reconsideration/Extension of Time</u>

      On March 9, 2023, the undersigned recommended that defendants' supplemental summary judgment motion be granted.  (ECF No. 83.)  On March 29, 2023, the undersigned granted plaintiff's request for a thirty days extension of time to file objections to the March 9, 2023 findings and recommendations.  (ECF No. 89.)

      On April 26, 2023, plaintiff filed a motion to stay this action due to medical issues.  (ECF No. 91.)  On May 25, 2023, the undersigned denied this motion because it was not signed by plaintiff as required by Federal Rule of Civil Procedure 11.  (ECF No. 93.)  The undersigned granted plaintiff thirty days to file objections to the March 9, 2023 findings and

1

recommendations. (Id.)

On June 27, 2023 plaintiff filed the pending motion. (ECF No. 94.) Plaintiff's motion complies with Rule 11 as it contains plaintiff's signature. (Id.) Although plaintiff labels his motion as a request for reconsideration, plaintiff is renewing his previously unsigned request to stay this action for six months. (Id.) Accordingly, the undersigned construes plaintiff's request for reconsideration as a renewed motion to stay this action, addressed to the undersigned.

Plaintiff alleges that he had surgery that involved the placement of multiple steel clamps on his spine. (Id.) Plaintiff states that the surgery left him paralyzed and unable to sit up. (Id.) Plaintiff hopes to regain most of his mobility in the next year. (Id.) Plaintiff is heavily medicated on pain medication. (Id.) Due to his present physical condition, plaintiff is unable to research cases at the law library. (Id.) Plaintiff appears to request that this action be stayed for six months or that he be granted a six months extension of time to file objections. (Id.)

Rather than staying this action, the undersigned finds good cause to grant plaintiff a six months extension of time to file his objections to the March 9, 2023 finding and recommendations. Plaintiff's objections are due January 31, 2024. No further requests for extensions of time to file objections will be granted.

Motion for Appointment of Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he cannot litigate this action due to his surgery. While the undersigned is sympathetic to the difficulties plaintiff is experiencing following his surgery, the undersigned finds that plaintiff is not entitled to appointment of counsel. The undersigned finds that plaintiff has not demonstrated a likelihood of success on the merits of his claims. For this reason, and having considered the factors under <u>Palmer</u>, the undersigned finds that appointment of counsel is not warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 94), construed as a renewed motion to stay this action, is denied;

2. Plaintiff's motion for an extension of time to file objections (ECF No. 94) is granted; plaintiff's objections to the March 9, 2023 findings and recommendations are due on or before January 31, 2024; no further requests for extension of time to file objections will be granted;

3. Plaintiff's motion for appointment of counsel (ECF No. 94) is denied.

Dated: July 21, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pr58.req